NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENNIS JACOBS, | Civil Action No. 17-0634 (CCC) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| STATE OF NEW JERSEY, et al., | |
| Respondents. | |

**CECCHI, District Judge.**

This matter comes before the Court on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by Petitioner Dennis Jacobs. The Court previously dismissed the Petition, finding that the Petition did not state a claim warranting relief. (ECF No. 6). The Court provided Petitioner an opportunity to amend. (*Id.* at 3). Instead of amending, Petitioner filed the instant Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Motion"). For the reasons stated below, the Court grants the Motion, but nevertheless dismisses the Petition again for failure to state a claim warranting relief.

The crux of Petitioner's argument in the Motion is that the Court misconstrued his claim. By way of background, Petitioner was convicted of attempted sexual assault, in violation of N.J.S.A. §§ 2C:5-1 & 2C:14-2c(4), after a guilty plea. (ECF No. 1 at 1). He alleges that he was originally sentenced to 6 years imprisonment under NERA,[1] which was then amended to 6 years imprisonment with 5 years parole ineligibility in 2002, and again amended in 2004 to add the additional sentence of Community Supervision for Life ("CSL"). (ECF No. 7 at 2). The first amendment, Petitioner alleges, was to correct a sentencing error which, contrary to the Court's

---

[1] No Early Release Act, N.J.S.A. § 2C:43-7.2.

1

previous construction, is not the subject of Petitioner's habeas claim. Instead, he is challenging the imposition of the CSL sentence in 2004 without notice and hearing, which he asserts was unconstitutional, despite his concession that he had agreed to the CSL sentence in the original plea agreement. The Court has reviewed the Petition again, and notes that the Petition makes only passing references to the 2004 amendment and the CSL sentence. (*See* ECF No. 1 at 3; ECF No. 1-1 at 2). However, mindful of Petitioner's *pro se* status and the record exhibits attached to the Petition, the Court finds that it is plausible to construe the Petition as raising a claim against the 2004 amendment, and thus grants the Motion to correct this error in construction.

Nevertheless, the Petition still does not state a claim warranting relief. Petitioner argues that the late imposition of the CSL sentence, despite being part of the plea agreement, without notice and hearing was a violation of the Double Jeopardy Clause of the Fifth Amendment and his due process rights. However, "[w]here an illegal sentence has been imposed, neither double jeopardy nor due process rights will prevent amendment of the original sentence." *Ervin v. Beyer*, 716 F. Supp. 163, 165 (D.N.J. 1989) (citing *United States v. Busic*, 639 F.2d 940, 953 (3d Cir. 1981)). Beyond Petitioner's concession that the CSL sentence was part of the plea agreement, he was informed by the trial court that the CSL sentence was in fact mandatory for the crime to which he pled guilty. (ECF No. 1-3 at 65-66). Indeed, sexual assault is one of the crimes subject to a mandatory CSL sentence under New Jersey law. *See* N.J.S.A. § 2C:43-6.4. In *State v. Horton*, the New Jersey appellate court dealt with a factual scenario similar to the instant matter, and held that amending the judgment of conviction to add a CSL sentence that was mandated by statute, even after the defendant had already served his original sentence, was lawful. *See* 331 N.J. Super. 92, 98 (App. Div. 2000); *see also State v. Baker*, 270 N.J. Super. 55, 74 (App. Div. 1994) ("[W]e find no basis in federal case law to conclude that a twenty month delay by the government in

seeking to correct an illegal sentence, or any of the other equitable considerations relied upon by defendant, forecloses a court from imposing a statutorily mandated sentence."), *aff'd*, 138 N.J. 89 (1994). The state courts reasoned that because the original sentences failed to include a statutorily-mandated component, they were illegal sentences that can be corrected without violating the Constitution. *See Horton*, 331 N.J. Super. at 98; *Baker*, 270 N.J. Super. at 74. As the Third Circuit has instructed:

> [W]here fear of possible judicial vindictiveness is removed by the fact that (1) the sentencing judge's intentions were made clear, (2) the correction simply makes the sentence conform to the sentencing judge's original . . . sentencing plan, and (3) [the defendant] was neither surprised nor prejudiced by the change in his sentence, . . . there is no statutory or constitutional inhibition against the correction.

*United States v. Guevremont*, 829 F.2d 423, 429 (3d Cir. 1987).

Having been aware that the CSL sentence was part of his plea agreement and having been informed at the plea hearing that it was in fact mandatory, there can be no argument that Petitioner was prejudiced by the late imposition of the CSL sentence. "The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." *Bozza v. United States*, 330 U.S. 160, 166-67 (1947). As such, the Court finds that the Petition, construed as a challenge to his 2004 sentencing amendment, does not state a cognizable habeas claim, and is therefore dismissed. *See Ervin*, 716 F. Supp. at 165-66 (finding no error when the trial court *sua sponte* amended a judgment of conviction to correct an illegal sentence).

Lastly, the Court denies a certificate of appealability. Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason

could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, no certificate of appealability shall issue.

Date: February 28, 2018

**Claire C. Cecchi**
United States District Judge